IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUINDAROLE BATTS | § | |
| TDCJ-CID NO. 1216421, | § | |
|     Petitioner, | § | |
| v. | § | CIVIL ACTION H-13-0360 |
| | § | |
| RICK THALER, | § | |
|     Respondent. | § | |

MEMORANDUM AND ORDER ON DISMISSAL

Petitioner, a state inmate proceeding *pro se*, filed this habeas petition challenging his 2004 sexual assault conviction in the 351st Criminal District Court of Harris county, Texas, in Cause Number 944,481. (Docket No. 1.) On November 12, 2013, the Court directed Petitioner to file a written statement explaining why this case should not be dismissed as time-barred or for failure to exhaust state habeas corpus remedies. (Docket No. 4.) Petitioner filed a timely response stating that his present claims are based on newly discovered evidence and that he is currently pursuing his claims in a state habeas action. (Docket No. 5.) Petitioner requests that this federal habeas suit be held in abeyance pending completion of his state habeas proceedings. (Id. at 4.)

The Fifth Circuit has held that, where a federal habeas petition contains unexhausted grounds for relief, federal courts have the discretion to either stay and abate or dismiss the federal action. Brewer v. Johnson, 139 F.3d 491, 493 (5th Cir. 1998). Stay and abeyance should be granted only in limited circumstances

when there is good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. See Rhines v. Weber, 544 U.S. 269, 278 (2005). In Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005), the Supreme Court suggested that a habeas petitioner could file a protective federal petition and move to stay and abate the proceedings pending exhaustion when it was uncertain whether his pending state petition would be considered timely, thereby statutorily tolling the AEDPA one-year time limit. Id. It found that "reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause'" under Rhines. Id.

Here, Petitioner offers no support for his request to stay and abate this challenge to his ten-year-old conviction. Instead, Petitioner admits that his current claims are unexhausted and that his state habeas action remains pending. Public records show that the state trial court is currently awaiting an attorney affidavit and that resolution of the state habeas suit is not imminent.[1] In addition, because Petitioner asserts that his present claims are based on new evidence, there is no basis for protective stay-and-abeyance of this case.

---

[1] http://www.hcdistrictclerk.com/edocs/public/CaseDetails.aspx?Get=nMf8ZejVbUQ9tjEBrxvWCXovdh9EEOGoMP1OluNQsEDa8VhUh9ndMU4dwavVSpZyBvv3s8dRNy+xneKjzUHZk5yayuALz32rTRrutIMVcCs= (viewed April 3, 2014.)

2

## CONCLUSION

Accordingly, the Court ORDERS the following:

1. Petitioner's request for stay and abeyance is DENIED.

2. This lawsuit is DISMISSED WITHOUT PREJUDICE.

3. A certificate of appealability is DENIED.

4. All other pending motions, if any, are DENIED.

The Clerk shall provide a copy of this Order to the parties.

Signed at Houston, Texas, on April 8, 2014.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE